UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

SEAFOOD ON THE TABLE, INC.
d/b/a AROMAS DEL PERU,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Windy Lucius ("Plaintiff") hereby sues the Defendant, Seafood on the Table, Inc. d/b/a Aromas del Peru ("Defendant") for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

    1.    Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

    2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

    3.    Plaintiff is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the regulations implementing the

ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.      Plaintiff is blind. She uses the internet and a mobile device to help her navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. She brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5.      Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.      Defendant Seafood on the Table, Inc.[1] is authorized to transact business in Florida and within this district. Defendant and/or various of its brother/sister entities[2] owns and operates a chain of restaurants specializing in Peruvian food. Each Aromas Del Peru restaurant is a place of public accommodation and is branded as "Aromas del Peru."

7.      Aromas del Peru restaurants are located within Miami-Dade County in the cities of

---

[1] This entity holds the "Aromas del Peru" fictitious name and lists the same president and resident agent as the entities delineated at footnote 2.
[2] Various locations (Coral Gables, Kendall, West Miami, Hammocks, Palmetto Bay, Pompano Beach) are operated under the entities: Aromas Del Peru Hammocks, LLC, Aromas Del Peru Pompano, LLC; Aromas Del Peru Broward, LLC; Aromas Del Peru of West Miami Corp., and Aromas Del Peru Restaurant, LLC.

Coral Gables, Kendall, West Miami, Hammocks, Palmetto Bay, and one restaurant is in Broward county (Pompano Beach). Each Aromas del Peru restaurant is open to the public therefore they are each a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182 and 28 C.F.R. §36.104(2). Aromas del Peru restaurants are also referenced throughout as "place(s) of public accommodation," or "restaurant(s)."

8. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

9. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the https://aromasperu.com mobile website (hereinafter "mobile website") for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to, Aromas del Peru restaurants. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of the Aromas del Peru restaurants' physical locations.

10. The mobile website is offered by Defendant as a way for the public to locate Aromas del Peru restaurant locations and hours of operation, become familiar the restaurant menu selections, provides a link to reserve a table for dining within the restaurant location of their choice, and provides other information the Defendant seeks to communicate to the public. The mobile website also enables the public/patrons to place an order online from the "To Go" menu and have the order ready for pick up at the restaurant location of their choice. By the provision of menu selection, reservation services, and To-Go order selection, the mobile website is an integral part of the goods and services offered by Defendant. By this nexus, the mobile website is characterized

as a Place of Public Accommodation to Title III of the ADA[3], 42 U.S.C. §§ 12181(7)(B).

11.     Defendant's mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device.  As such, it has subjected itself to the ADA because its mobile website is offered as a tool to promote, advertise and sell its products and services from its brick-and-mortar restaurant locations each of which is a place of public accommodation. As a result, Defendant's mobile website must interact with its restaurants and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[4]

12.     Defendant's mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

13.     Plaintiff has attempted to patronize Defendant's mobile website in the past and intends to continue to make further attempts to patronize Defendant's mobile website and/or test the mobile website for compliance with the ADA.  Like the seeing community, she would like to be able to use the Defendant's mobile website to comprehend Aromas del Peru menu selections, make reservations to dine in one of the many the Aromas del Peru restaurants located in Miami

---

[3] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

[4] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

Dade county, and to order food online. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using Defendant's mobile website or dining at Aromas del Peru restaurants.

14.     Plaintiff has attempted to utilize the mobile website and/or plans to continue to attempt to utilize the mobile website in the near future. In the alternative, Plaintiff intends to monitor the mobile website in the near future, as a tester, to ascertain whether it has been updated to interact properly with VoiceOver screen reader software.

15.     Plaintiff is continuously aware of the violations on Defendant's mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

16.     Defendant and alike restaurants are fully aware of need to provide full access to all visitors to its mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

17.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendant's discriminatory practice.

18.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

19.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney

Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

21. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

22. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

23. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

24. Defendant's mobile website has been designed to integrate with its Aromas del Peru restaurant locations through provision of a reservation service and the provision of a To-Go order menu; therefore, the mobile website is an extension of Defendant's Places of Public

Accommodation. By and through its mobile website, Defendant extends its Places of Public Accommodation into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's Places of Public Accommodation. As such, Defendant's mobile website is integrated with, and is a nexus to, its restaurant locations. Therefore, it is governed by the following provisions:

  a. U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

  b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

  c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

  d. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that

provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

   e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

   f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

   g. 42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

   h. 42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

25. Plaintiff attempted to access and/or utilize Defendant's mobile website, but was

unable to, and she continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

   i. Guideline 1.1.1 Non-text Content is violated.  The Menu content is displayed as an image, but it is not announced to mobile VoiceOver screen reader software users. After the "Menu" heading is announced, then focus skips to the bottom of the page and the menu image does not receive focus and the content is not announced.

   ii. Guideline 1.3.1 Info and Relationships is violated.  VoiceOver screen reader software users are unable to make a reservation. When focus moves to the date picker, the user hears the month and year, but before the day is announced, focus moves to the bottom of the page and instructions are announced. The instructions for selecting a date only pertain to keyboard users, mobile instructions are not included. After instructions are announced, then the focus moves again, but this time it moves to hidden elements beneath the date picker. VoiceOver screen reader software users are unable to get back to the date picker.

   iii. Guideline 1.4.5 Images of Text is violated. For example, The "To-Go" menu is not accessible to VoiceOver screen reader software users. This menu is a PDF comprised of two pages of content. Each page is announced as "image," none of the text content is announced to assist mobile VoiceOver screen reader software users in comprehending the "To-Go" menu.

   iv. Guideline 2.4.3 Focus order is violated. VoiceOver screen reader software users must swipe through multiple hidden and unlabeled elements. For example, when swiping down the Locations page, focus moves in-between the West Miami headline and then the user hears "link." This was repeated for the next two swipes. In total, mobile VoiceOver screen reader software users must swipe through three unlabeled links even though they are not shown.

   v. Guideline 3.3.2 Labels or Instructions is violated.  For example, the reservation widget has multiple unlabeled elements that receive focus and are announced so mobile VoiceOver screen reader software users must swipe through each one, but mobile VoiceOver screen reader software users do not hear labels that are descriptive. For example, each field in the widget displays a chevron. Each chevron receives focus independently of the specific field and is announced as only "m." The calendar icon is announced as "d," the time icon is announced only as "t" and the people icon is announced as just "p."

   26.     As the owner and/or operator of the Aromas del Peru restaurant mobile website,

Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to make a reservation to dine within an Aromas del Peru restaurant of their choice or to order food to-go from that restaurant location.

27. With respect to its mobile website, Defendant has violated the ADA by failing to interface its mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 25) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff accommodation on the basis of her disability:

    a. by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

    b. in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

    c. in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

    d. by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that

provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

   e. by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

   f. notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

   g. by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

   h. by a failure to take such steps as may be necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

28. Plaintiff continues to attempt to utilize the mobile website and/or plans to continue to attempt to utilize the mobile website to review the "To-Go" menu and to make online reservations for dining within one of the Aromas del Peru restaurant locations.

29. Plaintiff is continuously aware of the violations within Defendant's mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as

those violations exist unless she is willing to suffer additional discrimination.

30. Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within Defendant's mobile website. By continuing to operate its mobile website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within Defendant's mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

31. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA and conform its mobile website to WCAG 2.1 Level A and AA Guidelines.

32. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to its mobile website. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to access the mobile website to avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that this mobile website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

33. Plaintiff is without adequate remedy at law and has suffered (and will continue to

suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Seafood on the Table, Inc. and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that Defendant's mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

c. The Court issue an Order directing Defendant to alter its mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the mobile website for purposes of comprehending Defendant's Aromas del Peru menu selections, ordering online for pick-up in one of the Aromas del Peru restaurant locations and/or in making reservations to dine in one of the restaurant locations, and during that time period prior to the mobile website's being

designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through Defendant's mobile website.

e. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendant to continually update and maintain its mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 17, 2022

                                        Respectfully submitted,

                                        */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T: 305-351-2014
cc@cunninghampllc.com